# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WHIMSEY MICHELLE AUSTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:11CV598 |
| v. ) | 1:09CR261-2 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner Whimsey Michelle Austin, a federal prisoner, has brought a Motion (Docket Entry 67)[1] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, a Letter requesting a sentence reduction pursuant to Federal Rule of Criminal Procedure 35 (Docket Entry 66), a Motion to "Reveal the Deal" (Docket Entry 83), a Motion seeking summary judgment on her § 2255 Motion (Docket Entry 84), a supplement entitled "Updated Addendum to: 28 USC 2255" (Docket Entry 110), and a Supplemental Reply (Docket Entry 118). Petitioner was charged with, and later pled guilty to, a single count of conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Indictment, Docket Entry 1; Factual Basis, Docket Entry 30; Plea Agreement, Docket Entry 31.) She was subsequently sentenced to 120 months of imprisonment.

---

[1]This and all further cites to the record are to the criminal case.

(Judgment, Docket Entry 40.) Petitioner did not appeal, but instead filed her Motion under § 2255. Respondent filed a Motion to Dismiss and, in the Alternative, Response to Motion to Vacate, Set Aside, or Correct Sentence. (Docket Entry 79.) Rather than file a response or reply, Petitioner submitted her Motion to "Reveal the Deal," her Motion for Summary Judgment, and her two Supplements. The matter is now before the Court for a ruling on the abovementioned Motions. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## Petitioner's Claims

Petitioner raises three claims for relief in her § 2255 Motion. The first is that she received ineffective assistance of counsel because her attorney did not see that she was sentenced under the safety valve provision of 18 U.S.C. § 3553(f) even though she met all of the requirements. (Docket Entry 67, § 12.) She also alleges that her attorney did not ensure that she received a sentence reduction for cooperation with the Government. (*Id.*)[2] In her third claim for relief, Petitioner again claims ineffective assistance. (*Id.*) She makes general assertions that counsel did not advocate on her behalf, fell below an objective standard of reasonableness in his representation, did not protect her rights at sentencing, and violated her due process rights. (*Id.*)

Respondent argues that Petitioner's entire Motion is time-barred and, alternatively, that it should be denied on the merits. (Docket Entry 79.) Although Respondent's time-bar

---

[2] Petitioner's first two claims overlap at various points in her pleadings. For ease of reference the undersigned will treat the safety valve issue in addressing Petitioner's first ground seeking relief and the cooperation issue in the second ground seeking relief.

argument is well-taken and does appear to have merit, the Court finds that it is more expeditious to simply evaluate Petitioner's claims on their merits.

## Discussion

### Ground One

Petitioner's first claim is one for ineffective assistance of counsel at sentencing. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that her attorney's performance fell below a reasonable standard for defense attorneys and, second, that she was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, she would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's first allegation is that her attorney did not see that she received a reduction in her sentence pursuant to § 3553(f). Section 3553(f) of 18 U.S.C. describes a

3

defendant's eligibility for the "safety valve," which enables the district court to avoid imposition of a mandatory minimum sentence. Addressing Petitioner's safety valve argument, the Government notes that Petitioner could not meet the first of five required criteria because she had more than one criminal history point under the U.S.S.G. *See* 18 U.S.C. § 3553(f)(1). Petitioner acknowledges in her Motion for Summary Judgment that this is correct and that she was not entitled to be sentenced under the safety valve provision. (Docket Entry 84 at 8.) For that reason, her attorney had no reason to pursue sentencing under the safety valve provision and could not have harmed Petitioner by not seeking to have her sentenced under it. This allegation fails both prongs of the *Strickland* test. Petitioner's claim for relief based on the safety valve should be denied as should any portion of any other claim which relies on the safety valve provision.

### Ground Two

Petitioner's next allegation of ineffective assistance of counsel is that her attorney failed to see that she received a sentence reduction for her cooperation with the Government, presumably under 18 U.S.C. § 3553(e), U.S.S.G. § 5K1.1, and/or Federal Rule of Criminal Procedure 35. Petitioner's Letter (Docket Entry 66) also contains a brief and conclusory request for a sentence reduction, or at least a hearing on the issue, pursuant to Federal Rule of Criminal Procedure 35. The Government has the power, but not the duty, to file a motion for a sentence reduction when a defendant substantially assists it. *Wade v. United States*, 504 U.S. 181, 185–87 (1992); *United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001). Because the Government is under no obligation to file any such motion, even if the

defendant renders substantial assistance, courts generally lack authority to review the Government's decision not to file. *Wade*, 504 U.S. at 186. The Supreme Court has recognized three exceptions to the rule that the district court lacks authority to review the Government's decision not to file a substantial assistance motion. Review is authorized (1) if the Government obligated itself in the plea agreement to file a motion; (2) if the decision not to file a motion is based on an unconstitutional motive; or (3) "if the prosecutor's refusal to move was not rationally related to any legitimate government end." *Id.* at 185–87; *United States v. LeRose*, 219 F.3d 335, 342 (4th Cir. 2000); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994). Generalized allegations of an improper motive do not entitle a defendant to review of the Government's decision not to file a motion. *Wade*, 504 U.S. at 186. "Neither a claim that a defendant merely provided substantial assistance nor additional but generalized allegations of improper motive will [justify] a remedy[,] discovery or an evidentiary hearing. A defendant has a right to the latter procedures only if he makes a substantial threshold showing of improper motive." *Id.*

In the body of her Motion, Petitioner claims that she did not receive a sentence reduction even though she "agreed to cooperate with [the] government & state with control[led] buys." (Docket Entry 67, § 12, Ground One.) She adds that her attorney did not make "contact with D.A. Boggs on 4 arrests." (*Id.*) Then, in an attached memorandum, she claims that, after her sentencing, "four arrest[s], indictments were made from substantial assistance (control[led] buys)." (*Id.*, Memorandum at 2.) Additionally, in her Motion for Summary Judgment, Petitioner claims that the Plea Agreement did contain a promise by the

5

Government to inform the Court about Petitioner's assistance. She agrees that the Government retained discretion as to whether or not to actually move for a reduction, but asserts that the Government later, in stating its position on sentencing factors, agreed that it would make a substantial assistance motion within a year. She claims that this should have occurred after "the prosecution of four other arrests." (Docket Entry 84 at 6.)

In an unsworn "affidavit," Petitioner also claims that she persuaded her brother to cooperate with law enforcement in exchange for a reduction in her sentence, that her brother consequently cooperated resulting in drug arrests, and that law enforcement subsequently broke its agreement. (*Id.*, Ex. 1 at 1-5.) Petitioner has also filed an unsworn statement attributed to her brother asserting that he helped set up drug deals for a "Detective Hasting" with the understanding that these efforts—which lead to four arrests— would help reduce Petitioner's sentence. (*Id.*, Ex. 2.). Petitioner's motion to "Reveal the Deal" also appears to seek discovery from the Government of any documentation that would reveal any cooperation or inducements to cooperate in this case, presumably including documentation related to Petitioner's brother's alleged cooperation. (Docket Entry 83.)

The Government asserts that there was no promise in Petitioner's plea agreement that a motion for a sentence reduction would be filed. (Docket Entry 79 at 8-9.) It also states that Petitioner made no controlled buys on behalf of the Government, that she had been debriefed, but that the information from the debriefing did not substantially assist the Government in prosecuting anyone. (*Id.*) For that reason, the Government never filed a motion seeking a sentence reduction. (*Id.*) The Government argues that her attorney also

could not have provided ineffective assistance of counsel in not pressing for a sentence reduction motion in these circumstances. (*Id.*)

Petitioner's assertion that her counsel provided ineffective assistance of counsel by failing to move for and/or ensure that she received a sentence reduction based upon cooperation with the Government fails both prongs of *Strickland*. None of the *Wade* exceptions are applicable here and so her attorney could not reasonably be expected to pursue the Government's decision not to seek a sentencing reduction with the Court. First, nothing in the Plea Agreement obligates the Government to seek a reduction in Petitioner's sentence. The Plea Agreement does not contain a provision obliging the Government to seek a sentencing reduction based upon substantial assistance. (Docket Entry 31 at 3-4.) Rather, the Plea Agreement contemplates that Plaintiff *might* render the Government assistance (¶ 5.b), reserves both parties' right to bring any relevant facts to the Court's attention at sentencing (¶ 6), and includes an integration clause explicitly stating that there were not additional agreements, representations, or understandings between the parties, and that there would be none unless they were in writing and signed by the parties (¶ 8). (*Id.*) *See United States v. Silver*, No. 5:04-CR-00062-1-BR, 2007 WL 5238207, *2 (E.D.N.C. July 13, 2007) ("Here, the Government retained discretion and the plea agreement specifically provided that the Government was not promising to file any substantial assistance motions. In addition, the plea agreement contained an integration clause.") No additional agreements are contained in the record and Petitioner does not assert that she entered into any

additional agreements which were then reduced to writing and signed by all parties as contemplated by the Plea Agreement.

Instead, Petitioner appears to contend that there was an oral modification of the Plea Agreement that obliged the Government to move for a reduction in her sentence if she cooperated or perhaps if she persuaded a third party to cooperate. (Docket Entry 84 at 6.) Petitioner contends that the Government filed a pre-sentencing position paper entitled "Position of United States with Respect to Sentencing Factors" indicating that it agreed with a statement in Petitioner's Pre-Sentence Investigation Report ("PSR") that a motion for substantial assistance would be made within a year. (*Id.*) However, no such position paper is on the record. The undersigned has also reviewed Petitioner's PSR and it contains no such assertion regarding the filing of a motion for substantial assistance. Petitioner's assertion that there was an unwritten modification of the Plea Agreement is conclusory, unsupported, and clearly prohibited by the terms of the Plea Agreement itself. This avenue does not provide Petitioner the relief she seeks.

Second, Petitioner has made no argument, much less a showing, that the Government's refusal to move for a departure was based on an unconstitutional motive. *See U.S. v. Benites-Correa*, 42 Fed. App'x 639, 639 (4th Cir. Aug. 13, 2002) ("Because the record shows the Government retained the discretion to request a U.S.S.G. § 5K1.1 or Rule 35 reduction, and Benites-Correa failed to allege an unconstitutional motive for the failure to do so, we find no error, plain or otherwise."); *Rhoden v. United States*, Nos. 3:07cv475, 3:05cr420, 2008 WL 5100839, *3 (W.D.N.C. Nov. 26, 2008) ("Petitioner does not allege that the

Government's decision not to file a § 5K1.1 or Rule 35 motion was predicated upon an unconstitutional motive. Thus, Petitioner's claim that he deserved a downward departure motion is not subject to review by the Court, and it is clear that he is not entitled to relief on this claim."). Petitioner has not, for example, asserted that the Government's decision not to file a motion for a reduction in sentence was based upon membership in a protected class. *Wade*, 504 U.S. at 185-86. This avenue for relief is shut.

Third, Petitioner also has not demonstrated that the Government's decision not to file a motion for a reduction in her sentence was unrelated to a legitimate government purpose. *See U.S. v. Haynes*, 108 F.3d 1374 (4th Cir. March 21, 1997) (unpublished) ("Haynes fails to make a substantial threshold showing [that the Government's decision was not rationally related to a legitimate governmental objective] [r]ather, he merely offers a description of the extent of his assistance.") (citation omitted); *United States v. Scott*, 103 F.3d 122 (4th Cir. 1996) (unpublished) ("The threshold showing must transcend a mere recitation of the assistance provided by the defendant."); *United States v. Howie*, No. 3:02-CR-00152, 2008 WL 4287867, *2 (W.D.N.C. Sept. 16, 2008) ("Defendant has not shown that the Government's declination to file a Rule 35(b) motion is not rationally related to a legitimate Government end.") (citation omitted). Merely setting forth the degree of assistance to the Government is not sufficient to meet the burden on this claim. *Wade*, 504 U.S. at 187 ("[A]lthough a showing of assistance is a necessary condition for relief, it is not a sufficient one."); *U.S. v. Bautista*, 204 Fed. App'x 922, 925 (2d Cir. 2006) ("Bautista's assertion that he provided 'substantial information' to the government that was later used to arrest and

prosecute other members of his narcotics conspiracy, even if true, is insufficient to carry this burden."); *U.S. v. Whittaker*, No. 6:92–CR–104–ORL–19KRS, 2011 WL 2649975 (M.D. Fla. Jul. 6, 2011) ("[E]ven if the Court were to assume that the Defendant did in fact provide substantial assistance to the Government, the mere fact that the Defendant offered such assistance, alone, does not render the Government's refusal to file a Rule 35(b) motion unrelated to any legitimate government interest.").

Here, even assuming the truth of Petitioner's alleged efforts to cooperate with the Government, which are set forth in two unsworn "affidavits" (Docket Entry 84, Exs. 1-2), her claim would still fail because Petitioner has failed to make a substantial threshold showing that the Government lacked a rational interest in declining to move for a reduction of sentence. Instead, Petitioner merely articulates her efforts to provide substantial assistance. As explain above, this is insufficient and Petitioner's claim fails for this reason alone. *See LeRose*, 219 F.3d at 342 (concluding that "the proffer by LeRose was clearly insufficient to identify and demonstrate any improper basis for the government's decision, and at this point the court's inquiry should have ended"). Moreover, by asserting that Petitioner has failed to provide any useful assistance, the Government advances a rational justification for its decision not to file. Consequently, this claim lacks merit. *See United States v. Anderson*, Nos. 1:11cr231, 1:12cv1168, 2012 WL 6021322, at *7 (E.D.Va. Dec. 3, 2012). ("[I]t was not ineffective assistance for defense counsel not to try to force the government to file a Rule 35(b) motion because whether to file one was a decision resting in the sole discretion of the United States[.]").

Last, because "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing," neither discovery nor a hearing is warranted here. *Wade*, 504 U.S. at 186. Thus, it is also proper to deny Petitioner's Motion to "Reveal the Deal" insofar as it seeks discovery regarding documents allegedly related to the Government's efforts to secure cooperation. (Docket Entry 83.) Moreover, to the extent Petitioner's Motion to "Reveal the Deal" seeks additional documents, it should still be denied. Rule 6 of the Rules Governing Section 2254 and 2255 Proceedings authorizes discovery in post-conviction proceedings but, "[u]nlike other civil litigants, a . . . habeas petitioner 'is not entitled to discovery as a matter of ordinary course.'" *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)), *cert. denied*, 130 S.Ct. 1073 (2010)). Instead, before beginning discovery, a petitioner must obtain leave of court by showing good cause. *Bracy*, 520 U.S. at 904, 908–09; *Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir.1991). "A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief." *Stephens*, 570 F.3d at 204. Here, Petitioner has failed to include specific allegations suggesting she will be able to demonstrate an entitlement to relief and has failed to demonstrate good cause for discovery. It is therefore proper to deny the Motion and any request in the pleadings for discovery. (Docket Entry 83.)[3]

---

[3] At one point in her pleadings, Petitioner mentions *Brady v. Maryland*, 373 U.S. 83, 87 (1963). (Docket Entry 84 at 3.) Under that case, and its progeny, the failure by the prosecution to disclose "evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (citation omitted); *see also Giglio v. United States*, 405 U.S. 150,

11

## Ground Three

Petitioner's final claim is an additional ineffective assistance of counsel allegation. In its entirely, it reads:

> Counsel was Petitioner['s] advocate and was unwilling to advocate on Petitioner's behalf. Counsel fell below the objective standard of reasonableness[.] Petitioner was prejudice[d] being Petitioner was not afforded her rights under 3553. Counsel['s] error was detrimental to Petitioner sentencing. Petitioner received greater sentence and it was not beneficial. Counsel was in error of due process.

(Docket Entry 67, Ground 3.) This claim fails because it is either duplicative of issues already addressed above or completely conclusory in nature. *See Nickerson*, 971 F.2d at 1136. Petitioner has established neither attorney error nor that but for counsel's allegedly deficient conduct, she would have not pled guilty but would have gone to trial, nor has Petitioner raised issues that would warrant an evidentiary hearing.

## Petitioner's Supplements

On March 4, 2014, Petitioner also filed a Supplement entitled "Updated Addendum to 28 U.S.C. 2255." (Docket Entry 110.) By prior Order (Docket Entry 111), the Court observed that Petitioner's Supplement explicitly raised and clarified certain issues arguably implicit in her original pleadings, particularly the issue of whether her plea of guilty was

---

154-55 (1972) (concluding that when the reliability of a witness may determine guilt or innocence, nondisclosure of evidence affecting credibility denies the right to due process). As such, a *Brady* violation occurs if evidence is (1) favorable to the accused (either exculpatory or impeaching), (2) suppressed by the prosecution (willfully or inadvertently), and (3) material (prejudicial). *Banks v. Dretke*, 540 U.S. 668, 691 (2004); *see also Monroe v. Angelone*, 323 F.3d 286, 299–300 (4th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)). While it is not clear whether Petitioner is actually trying to assert a *Brady* claim, the undersigned notes that if she is, it fails, because Petitioner fails to satisfy any of these three elements in any meaningful way.

made knowingly and voluntarily. (*Id.*) The Court observed further that the Supplement also raised the question of whether there were additional promises made to Petitioner other than those set forth in her Plea Agreement. (*Id.*) Consequently, the Court ordered additional briefing and/or submissions regarding whether (1) Petitioner's plea of guilty was made knowingly and voluntarily and (2) whether there were promises to Petitioner other than those set forth in her Plea Agreement. (*Id.*) The Court stated further that Respondent could also submit evidence or other materials on these points, such as a transcript of Petitioner's Rule 11 proceeding, from its case files or other appropriate sources, and that Petitioner could reply to Respondent's supplemental response if she so chose. (*Id.*) Subsequently, Respondent filed transcripts of Petitioner's change of plea (Docket Entry 115) and sentencing (Docket Entry 114) hearings and a Supplemental Response (Docket Entry 116). Petitioner, in turn, filed a Supplemental Reply. (Docket Entry 118.)

Where, as here, "a defendant is represented by counsel when making [her] guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding. [T]o rebut that strong presumption of validity, the defendant must make a factual showing that [her] plea of guilt was not voluntary and intelligent." *United States v. Custis*, 988 F.2d 1355, 1363 (4th Cir. 1993) (citations omitted). "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." *United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996) (citations, quote marks omitted). Absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy

13

is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner's Rule 11 colloquy is a formidable barrier to a claim that her guilty plea was not made knowingly and voluntarily.

Prior to accepting Petitioner's plea of guilty, Petitioner was put under oath and the district court conducted a full Rule 11 hearing. (Docket Entry 115 at 12.) As Respondent correctly points out (Docket Entry 116 at 4), Petitioner acknowledged her attorney's answers to the Court that she understood the charges against her, discussed the plea agreement, and that no one had suggested that she might receive a lighter sentence for any reason not included in the plea agreement, particularly noting possible 5K (substantial assistance) considerations but no promise a 5K would be filed. (*Id.* at 6-7, 9-11, 14). Petitioner acknowledged that no threats had been made to her or promises made regarding substantial assistance. (*Id.* at 16-17.) She acknowledged understanding the elements of the crime, her right to a jury trial and all rights attendant thereto, the consequences of a plea, possible punishment including supervised release, and her waiver of appeal. (*Id.* at 20, 21-24, 27-30, 31-35, 35-36, 38-39). She then acknowledged that she was in fact guilty of the charges. (*Id.* at 42.) The Court accepted Petitioner's guilty plea only after finding that "[she] under[stood] the nature of the charges, as well as the consequences of pleading guilty to those charges, and that the plea[] [had] been knowingly and voluntarily entered." (*Id.* at 42-43.)

In her Updated Addendum to: 28 U.S.C. 2255 (Docket Entry 110), Petitioner now claims that she "accepted a plea based upon Detective Hasyting [sic] promises and Attorney Nils E. Gerber promises." (*Id.* at 1.) This assertion is directly contradicted by statements made at her Rule 11 hearing, as described above. The Court clearly explained substantial assistance, that no promise was made by the Government that a motion would be filed, and that, even if filed, the Court would not have to accept the Government's recommendation. (*Id.* at 11, 16-17, 29.) Petitioner agreed with the Court that "[her] attorney has told me that nobody has threatened you or made any promises to you with regard to substantial assistance or anything of that nature." (*Id.* at 16-17.) Petitioner's claim that her plea was not knowingly and voluntarily made is in direct contradiction to the answers she gave during the Rule 11 hearing and should be denied.

As for Petitioner's claim that she is entitled to some form of relief because there were enforceable promises made to her outside of the plea agreement, it too fails. First, the undersigned has essentially addressed this issue in analyzing Petitioner's second claim above and need not repeat that analysis here. Second, at her Rule 11 hearing, the Court discussed with Petitioner the possibility of substantial assistance and specifically asked her attorney if he "believe[d Petitioner] understands that the Government may or may not file such a motion for substantial assistance." (Docket Entry 115 at 11.) Counsel noted that there was "no binding agreement." (*Id.*) Petitioner was asked if she agreed with what her attorney had said about her case and she indicated she did. (*Id.* at 14.) The Court further inquired directly of Petitioner regarding any threats or promises made "with regard to substantial assistance or

15

anything of that nature." (*Id.* at 16.) Petitioner agreed there had been no threats or promises regarding substantial assistance. (*Id.* at 16-17.) Petitioner was further advised that the Government filed an Information of Prior Conviction which doubled her penalty to a mandatory minimum 10 years. (*Id.* at 28-29.) She was also told that a substantial assistance motion was the only way the Court could give her a lesser sentence, but even if the Government filed such a motion, the Court did not have to follow the recommendation. (*Id.* at 28-30.) None of this suggests there was an enforceable promise regarding the length of Petitioner's sentence made to her outside of the plea agreement.

Third, at sentencing, Petitioner told the Court that based on her "turning state evidence" [sic] "that maybe things would get better along the way. . . [and she was] assuming that they would have gotten better before [her sentencing date]." (Docket Entry 114 at 6.) Her attorney at sentencing told the Court that "[his] hope [was] that eventually some of the information that she has provided will bear fruit and perhaps a motion will be filed in the next year." (*Id.* at 5.) It is clear from these exchanges that Petitioner was made no additional promises and that the Court had fully discussed substantial assistance at her plea hearing, and insured that she understood that no promise of a lighter sentence was made.

Fourth, with her latest filing Petitioner has included two additional unsworn statements regarding an alleged deal for a lighter sentence made at some unspecified time. (Docket Entry 118 at 11-12.) Neither of these statements constitutes extraordinary circumstances sufficient to overcome the statements made at her Rule 11 or sentencing hearings. Moreover, one of the statements indicates that the Assistant United States

16

Attorney prosecuting Petitioner's case stated that there would be no such deal. (*Id.* at 12.) The deal described in these statements also appears to be attributed to a state detective or police officer—rather than Respondent—who admitted that the best he could do in return for the cooperation of Petitioner's brother (not, it is worth noting, for the cooperation of Petitioner herself) was resolve a traffic ticket favorably. (*Id.* at 11-12.) Again, none of this supports a contention that there was an enforceable promise regarding the length of Petitioner's sentence made to her outside of the plea agreement.

Fifth, Petitioner may be attempting to raise two additional claims in her Supplemental Reply (Docket Entry 118 at 8-9), in which she invokes *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and *United States v. Simmons*, 649 F.3d 237 (4th Cir.2011). In *Alleyne*, the Supreme Court held that any fact that increases a mandatory minimum sentence must either be admitted by the defendant or found by the jury beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2156. *Alleyne* does not apply retroactively on collateral review and, consequently, any *Alleyne* claim would fail for this reason alone. *See, e.g., United States v. Stewart*, No. 13–6775, 2013 WL 5397401, 1 n.1 (4th Cir. Sept. 27, 2013) (unpublished); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *United States v. Condra*, No. 1:05CR00050, 2013 WL 4678165, at *2 n. 4 (W.D.Va. Aug. 30, 2013) (unpublished). In *Simmons*, the Fourth Circuit held that for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. *Simmons*, 649 F.3d at 243. Here, Petitioner has failed to point to any conviction—state or federal—that served as a predicate offense, much

less a conviction that would implicate the ruling in *Simmons*.[4] Accordingly, to the extent Petitioner is attempting to raise an *Alleyne* or *Simmons* claim, both claims fail.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to "Reveal the Deal" (Docket Entry 83) be **DENIED**.

**IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Docket Entry 67), Letter requesting a sentence reduction (Docket Entry 66), and Motion for Summary Judgment (Docket Entry 84) be **DENIED**, that Respondent's Motion to Dismiss and, in the Alternative, Response to Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 79) be **GRANTED** insofar as it seeks denial of the § 2255 Motion on the merits, and that this action be **DISMISSED**.

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
July 9, 2014

---

[4] Petitioner's PSR indicates that in 1993 she was convicted in this Court of felony conspiracy to distribute cocaine base. This is an offense for which Petitioner could have been sentenced to a term of imprisonment exceeding a year, as evinced by the fact that she was sentenced to sixteen months imprisonment. (PSR ¶ 39.) Consequently, any *Simmons* claim involving this prior conviction would fail for that reason alone.

18